| | |
|---|---|
| 1 | Jody A. Landry, Bar No. 125743 |
|   | jlandry@littler.com |
| 2 | Krystal N. Weaver, Bar No. 286930 |
|   | kweaver@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
|   | 501 W. Broadway, Suite 900 |
| 4 | San Diego, California 92101.3577 |
|   | Telephone: 619.232.0441 |
| 5 | Fax No.: 619.232.4302 |
| 6 | Attorneys for Defendant |
|   | SHARP CHULA VISTA MEDICAL CENTER |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANE UNDERWOOD on behalf of herself and all others similarly situated, | | Case No. **'22CV1340 AJB BGS** |
| Plaintiff, | | [San Diego Superior Court Case No. 37-2022-00028436-CU-OE-CTL] |
| v. | | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441(A)** |
| SHARP CHULA VISTA MEDICAL CENTER, a California Corporation; and DOES 1 through 50, inclusive, | | |
| Defendants. | | |
| | | Complaint filed: 07/19/2022 |

4872-9680-7472.1 / 051375-1096

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant SHARP CHULA VISTA MEDICAL CENTER ("Defendant"), hereby removes the state action described herein, filed in Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1331, 1441(a) and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Diego, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d). Defendant makes the following allegations in support of its Notice of Removal:

## I. PLEADING, PROCESS, AND ORDERS

1. On July 19, 2022, Plaintiff JANE UNDERWOOD ("Plaintiff") filed an unverified Complaint for Damages in the Superior Court for the State of California, County of San Diego, captioned: JANE UNDERWOOD, on behalf of herself and all others similarly situated v. SHARP CHULA VISTA MEDICAL CENTER, a California Corporation, and DOES 1 through 50, inclusive, County of San Diego, Case Number 37-2022-00028436-CU-OE-CTL (hereinafter, the "Complaint"). A true and correct copy of the Complaint and civil cover sheet are attached hereto as **Exhibit 1**.

2. Plaintiff served Defendant on August 15, 2022. A true and correct copy of the Proof of Service noting the service date is attached hereto as **Exhibit 2**.

3. A true and correct copy of Defendant's Answer to the Complaint, filed in the San Diego Superior Court on September 6, 2022, is attached hereto as **Exhibit 3**.

4. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of San Diego, or served by any other party other than as described above. Exhibits 1-3 referenced above, and incorporated herein, satisfy the requirements of 28 U.S.C. section 1446. (Landry Decl., ¶¶ 2-4.)

4872-9680-7472.1 / 051375-1096

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

## II.  FEDERAL QUESTION JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action that presents a federal question.

6. Plaintiff's claim requires interpretation of a collective bargaining agreement ("CBA") and thus is completely preempted by federal law under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Section 301 of the LMRA provides "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

7. Further, all state law claims raised by a union-represented employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers* Corp. *v. Lueck*, 471 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

8. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This

is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). These principals apply equally to actions seeking civil penalties pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (denying motion to remand, and expressly rejecting Plaintiff's argument that § 301 cannot preempt PAGA claims).

9.   **Plaintiff's Employment Was Governed by a CBA**. In the Complaint, Plaintiff alleges that starting in October of 1999 she worked for Defendant as a non-exempt employee. (Ex. 3, Complaint, ¶ 12.) During her employment, which ended on July 19, 2021 when she resigned, Plaintiff worked as a Registered Nurse and her hourly rate was never less than 30% of the applicable California State minimum wage. (*Id.*; Declaration of Rachel Davis ["Davis Decl."], ¶¶ 2, 3). The terms and conditions of Plaintiff's employment with Defendant was governed by a CBA covering Registered Nurses working for Defendant. (*Id.* at ¶ 4.) The union representing the Registered Nurses is the Sharp Professional Nurses Network United Nurses Associations of California/Union of Healthcare Professionals NUHHCE, AFSCME, AFL-CIO ("Union") (*Id.*, ¶ 4). A true and correct copy of the CBA that was in effect since October 1, 2019 is attached as **Exhibit A** to the Davis Declaration and incorporated herein by reference. Prior to that, Plaintiff's employment was covered by a CBA that covered the time period of 2016-2019. A true and correct copy of the earlier CBA is attached as **Exhibit B** to the Davis Declaration and is incorporated herein by reference. (*Id.*, ¶ 5).

10.   The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

11. Defendant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

12. Article 1, section 102 of the CBA specifically states that the Union is the exclusive bargaining representative of the employees covered by the CBA. (Davis Decl., Ex. A, Art. 1; Ex. B, Art. 1). The CBA covers the employment conditions at issue in Plaintiff's Complaint, including time worked, wages, overtime, meal and rest periods, and sick pay benefits). (Davis Decl., Ex. A, Arts. 14-16; Ex. B, Arts. 14-16).

13. **Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA in Her Complaint Does Not Preclude Removal**. The Complaint omits the fact that Plaintiff was a member of the Union or that a CBA governed her employment. However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

14. Thus, the fact that Plaintiff makes no specific reference to Section 301 in her Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

15. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal

court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

16. **Resolving Plaintiff's Claims Requires Interpretation of the CBA**. The Labor Code violations underlying Plaintiff's class claims are "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *see also Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiff's claim, therefore, the Court will necessarily need to interpret the provisions of the relevant CBA. *See Radcliff v. San Diego Gas & Elec. Co.*, 2021 U.S. Dist. LEXIS 27866 * 15 (S.D. Cal. February 12, 2021, Hon. Marilyn L. Huff) (court denied motion to remand class claims finding they were preempted by the LMRA because some of the claims at issue were predicated on rights under a CBA).

17. The Court cannot simply look to state law to resolve Plaintiff's artfully plead claims for breach of a CBA. Plaintiff's claims cannot be adjudicated without interpretation of the numerous CBA provisions that governed Plaintiff's employment. Plaintiff's class claims are based on the alleged: (1) failure to pay overtime; (2) failure to provide meal or rest periods or pay premium wages for missed meal and/or rest periods; (3) Defendant's defense that Plaintiff failed to meet her obligation under the CBA to notify management of anticipated issues with taking a meal or rest break; (4) pay minimum wage for all hours worked; and (5) alleged failure to provide accurate written wage statements(derivative claim). (Landry Decl., Exhibit A, *see generally* Complaint.)

18. The applicable CBA contains specific language governing compensation wage payments, overtime, and meal and rest periods. (*See* Davis Decl., Ex. A, Arts. 14-16; Ex. B, Arts. 14-16). The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. (*Id.*, Ex. A, Art. 9;

Ex. B, Art. 9). Resolving Plaintiff's claim will require the Court to interpret each of these provisions in the CBA.

19. As an example, Plaintiff's state law claim based on Defendant's alleged failure to pay overtime wages (first, fifth, and eighth causes of action) is based on Labor Code section 510 (Ex. 3, Complaint ¶¶ 5, 34, 35) is preempted by Section 301 of the LMRA because the claim requires the Court to analyze and interpret the CBA's overtime provisions. Cal. Lab. Code § 510 ("Any work in excess of 8 hours in one workday . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."); *but see* Cal. Lab. Code § 514 ("Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for wages, hours of work, and working conditions of the employees, and if the agreement provides premium wages for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30% more than the state minimum wage."); *see Curtis*, 913 F.3d 1146, 1155 (9th Cir. 2019) ("By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301); s*ee also Vranish v. Exxon Mobil Corp.*, 223 Cal.App.4th 103, 110 (2014) (finding the CBA at issue fell squarely within Labor Code § 514's terms, and "[n]othing in section 514 require[d]" the employer to look to the definition of overtime in section 510.").

20. Further, Plaintiff's claims based on Defendant's alleged failure to provide meal periods under Cal. Labor Code §§ 226.7 and 512, and rest periods under Cal. Labor Code § 226.7 (second and third causes of action) are preempted by Section 301 of the LMRA because whether Defendant provided Plaintiff and the allegedly aggrieved employees meal and rest periods requires the Court to analyze and interpret not only the CBA, but also the past practices between Defendant and the Union. The parties' past practices are deemed to be part of the CBA. *Conrail. v. Ry. Labor Execs. Ass'n*, 491

U.S. 299, 311 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significant in interpreting their agreement."). Specifically, the Court must interpret the parties' practices regarding the extent to which they agree that Plaintiff may take meal periods and rest breaks in accordance with its terms, as well as the requirement in the CBA that "Should a Nurse anticipate the inability to take a required rest break [or meal break], he/she shall make all reasonable efforts to notify the responsible management representative. (Davis Decl., Ex. A, sections 1415 and 1416, Ex. B, sections 1412, 1413).

21.   Critically, as all of Plaintiff's claims are, in essence, alleged violations of the CBA, the Court will necessarily have to interpret its grievance and arbitration provisions. (*See* Davis Decl., Ex. A, Art. 9, Ex. B, Art. 9). Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether she did in fact exhaust those procedures, and whether she agreed to arbitrate all or some of hers claims. Each of these questions is reserved for federal courts pursuant to the LMRA; indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

22.   Here, the applicable grievance and arbitration procedure set forth in the CBA covers: "Any complaint or dispute arising between a Registered Nurse and/or the Association and the Employer concerning conduct by the Employer alleged to be in violation of an express provision of this Agreement and not otherwise excluded from the grievance-arbitration procedure by another provision of this Agreement shall be resolved by the filing of a grievance in accordance with this Article; provided, however, that only employees who have been employed in the Bargaining Unit for at least ninety

(90) days shall have the right to grieve whether or not a discharge was for just cause." (Davis Decl., Ex. A, Art. 9, section 902, Ex. B, Art. 902). Accordingly, an alleged violation of the CBA is subject to its grievance and arbitration procedures, which serves the underlying purposes of the LMRA. Thus, Plaintiff's claims cannot be resolved without interpreting provisions of the CBA.

23. Plaintiff's claims are substantially dependent upon the interpretation of the CBA's terms and provisions. In fact, those terms and provisions govern all of the conduct which forms the basis for Plaintiff's Complaint, and are thus essential to the resolution of Plaintiff's claims. The underlying Labor Code violations arise under Section 301 of the LMRA and removal to federal court is warranted.

## III.   SUPPLEMENTAL JURISDICTION

24. To the extent there are certain claims alleging Labor Code violations that do not arise under Section 301 of the LMRA those alleged violations remain within the supplemental jurisdiction of the Court under 28 U.S.C. section 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v.* Cemex*, Inc.*, 2013 U.S. Dist. LEXIS 124111, at *17 (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus, this action is removable in its entirety.

4872-9680-7472.1 / 051375-1096

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

## IV. VENUE

25. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1391(a), 1441(a), and 1446(a).

## V. TIMELINESS OF REMOVAL

26. This Notice of Removal is timely filed because it has been filed within thirty (30) days of service on Defendant of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")

27. Here Defendant was served on August 15, 2022, (Exhibit 2), and this matter was removed on September 7, 2022, which is less than thirty days after service.

## VI. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

28. Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff's counsel of record, James Hawkins APLC.

29. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Diego.

///
///
///
///
///
///
///

4872-9680-7472.1 / 051375-1096

## VII. CONCLUSION

30. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441.

Dated: September 7, 2022

          LITTLER MENDELSON, P.C.

          *s/ Krystal Weaver*
          Jody A. Landry
          Krystal N. Weaver

          Attorneys for Defendant
          SHARP CHULA VISTA MEDICAL CENTER

4872-9680-7472.1 / 051375-1096

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441