EXHIBIT 1

James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
Kacey E. Cook, Esq. SBN 337905
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:  (949) 387-7200
FAX:  (949) 387-6676

Attorneys for Plaintiff, JANE UNDERWOOD
on behalf of herself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/19/2022** at 11:52:41 AM

Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JANE UNDERWOOD on behalf of herself and all others similarly situated<br><br>        Plaintiff,<br><br>vs.<br><br>SHARP CHULA VISTA MEDICAL CENTER, a California corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.  37-2022-00028438-CU-OE-CTL<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:<br>DEPT:<br><br>**CLASS ACTION COMPLAINT**<br><br>1)  **Failure to Pay Lawful Wages**<br>2)  **Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof**<br>3)  **Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof**<br>4)  **Failure to Pay Employee Expenses**<br>5)  **Failure to Timely Pay Wages During Employment**<br>6)  **Failure to Timely Pay Wages at Termination**<br>7)  **Failure to Provide Accurate, Itemized Wage Statements**<br>8)  **Violations of the Unfair Competition Law**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS COMPLAINT

Plaintiff JANE UNDERWOOD on behalf of herself and all others similarly situated assert claims against Defendants SHARP CHULA VISTA MEDICAL CENTER, and DOES 1 through 50, inclusive (hereinafter collectively referred to as "Defendants") as follows:

## I.

## INTRODUCTION

1.       This is a Class Action, pursuant to Code of Civil Procedure section 382, brought against Defendants SHARP CHULA VISTA MEDICAL CENTER and any subsidiaries and affiliated companies (hereinafter "SHARP" or "Defendants") on behalf of Plaintiff JANE UNDERWOOD (hereinafter "Plaintiff") and all employees not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities, employed by, or formerly employed by SHARP in California. (hereinafter referred to as "Non-Exempt Employees" and/or "Class Members").

2.       During the liability period, defined as the applicable statute of limitations for each and every cause of action contained herein, Defendants enforced shift schedules, employment policies and practices, and workload requirements wherein Plaintiff and all other Non-Exempt Employees: (1) were not paid proper wages they earned for all hours they worked including proper minimum and overtime compensation; (2) were not permitted to take their full statutorily authorized rest and meal periods, or had their rest and meal periods shortened or provided to them late due to the scheduling and work load and time requirements placed upon them by Defendants. Defendants failed to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period and/or rest period that was not properly provided; and employees were not properly reimbursed for out-of-pocket expenses.

3.       During the liability period, Defendants have failed to reimburse Class Members for business expenses incurred in the performance of their job duties.

4.       During the liability period, Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

5.     Plaintiff, on behalf of herself and all Class Members, brings this action pursuant to Labor Code sections 201, 202, 203, 204, 210, 221, 225, 226, 226.7, 510, 512, 1194, 1198, 1199, 2802, California Code of Regulations, Title 8, section 11050 *et seq*. and any other applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid lawful wages, unpaid rest and meal period compensation, penalties and other equitable relief, and reasonable attorneys' fees and costs.

6.     Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay all overtime wages and rest and meal period premiums to each of their Non-Exempt Employees.

## II.
## VENUE

7.     Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395. Defendant conducts substantial and continuous commercial activities in San Diego County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. Defendants employ numerous Class Members in San Diego County, California.

## III.
## PARTIES

8.     Plaintiff is, and at all times mentioned in this complaint was, a resident of California.

9.     Defendant SHARP is a California corporation which is headquartered in San Diego, California.

10.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the

true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

11.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**IV.**

**FACTUAL BACKGROUND**

12.     Plaintiff was employed by SHARP from approximately October 1999 through on or about July 19, 2021. During her employment with Defendants, Plaintiff occupied non-exempt positions, including her most recent position of Advanced Clinician. Her duties and responsibilities included, but were not limited to, training and mentoring newly-hired nurses, overseeing the care in the Oncology and Progressive Care units, and guiding the floating nurses.

13.     During the liability period, Defendants implemented policies and practices which resulted in Plaintiff and Non Exempt Employees not receiving minimum wage for all hours worked. For instance, Plaintiff was frequently required to work off-the-clock, including, but not limited to, regular off-the-clock communication with supervisors regarding job-related information. Defendants did not compensate Plaintiff for this off-the-clock work.

14.     During the liability period, Defendants failed to calculate Plaintiff's and Non-Exempt Employees' regular rates of pay for the purposes of paying proper overtime wages by failing to incorporate Plaintiff's and Non-Exempt Employees' shift differential pay into their regular rate calculation.

15.     During the liability period, due to the work load requirements and time constraints imposed by Defendant during each shift, Plaintiff and Class Members were required to work in excess of five (5) hours without a minimum, uninterrupted thirty (30) minute meal period and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided, in violation of California labor laws, regulations

- 4 -

and IWC Wage Order. For instance, Plaintiff was rarely able to take a full 30-minute meal break during her shift due to the lack of staffing to take over her job duties during her break.

16.     During the liability period, due to the work load requirements and time constraints imposed by Defendant during each shift, Plaintiff and Class Members were required to work in excess of ten (10) hours without a second minimum, uninterrupted thirty (30) minute meal period and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a second compliant meal period was not provided, in violation of California labor laws, regulations and IWC Wage Order. For instance, Plaintiff was never able to take a full 30-minute meal break during her shift due to the lack of staffing to take over her job duties during her break.

17.     Due to the workload requirements and time constraints imposed by Defendant, Plaintiff and Class Members were frequently required to work without being permitted or authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof. Plaintiff and Class Members were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided, in violation of California labor laws, regulations, and IWC Wage Orders. For instance, Plaintiff never received a full ten-minute rest break due to scheduling demands and lack of staffing. On information and belief, most employees were required to miss rest breaks due to lack of staffing.

18.     During the liability period, Defendants failed to lawfully reimburse Plaintiff and Non-Exempt employees for all business expenses necessarily incurred by Plaintiff and Non-Exempt Employees. For instance, Plaintiff was required to use her personal cell phone to communicate with her supervisors throughout her employment while she was off the clock. Furthermore, Defendants required Plaintiff to obtain mandatory education certificates. Defendants did not reimburse Plaintiff for these necessary expenses.

19.     Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

20.     On Plaintiff's day of termination, Plaintiff did not receive her final paycheck and was not compensated for waiting to receive her final paycheck.

CLASS COMPLAINT

21.     Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed over one hundred (100) employees in the State of California in non-exempt hourly positions.

22.     Non-Exempt Employees employed by SHARP, at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

## V.

## **CLASS ACTION ALLEGATIONS**

23.     Plaintiff seeks to represent a Class comprised of and defined as: All employees who are or were employed by SHARP in the state of California as hourly non-exempt employees within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

24.     Plaintiff also seeks to represent Subclasses which are composed of persons satisfying the following definitions:

　　　　a.     All Class Members employed by SHARP in the state of California as hourly non-exempt employees and were not accurately and fully paid all lawful wages owed to them including proper minimum wages for all their hours worked;

　　　　b.     All Class Members employed by SHARP in the state of California as hourly non-exempt employees who, within the liability period, have not been provided an uninterrupted 30-minute meal period when they worked over five hours in a work shift and were not provided compensation in lieu thereof;

　　　　c.     All Class Members employed by SHARP in the state of California as hourly non-exempt employees who, within the liability period, have not been provided a second uninterrupted 30-minute meal period when they worked over ten hours in a work shift and were not provided compensation in lieu thereof;

　　　　d.     All Class Members employed by SHARP in the state of California as hourly non-exempt employees who, within the liability period, have not been provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked

per day and were not provided compensation in lieu thereof;

e.      All Class Members employed by SHARP in the state of California as hourly non-exempt employees who, within the liability period, were not provided with accurate and complete itemized wage statements.

f.      All Class Members employed by SHARP in the state of California who, within the liability period, were not timely paid all wages due and owed to them during their employment with Defendant; and

g.      All Class Members employed by SHARP in the state of California who, within the liability period, were not timely paid all wages due and owed to them upon the termination of their employment with Defendant.

25.     Plaintiff further seeks to represent a subclass for all employees of SHARP in the state of California who, within the liability period, did not receive full reimbursement for employee expenses ("Expense Reimbursement Class").

26.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

27.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. Numerosity**

28.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed, approximately over 100 Non-Exempt Employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. Commonality**

29.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i. Whether Defendants violated Labor Code §§ 510, 1194 and applicable IWC Wage Orders by failing to pay all earned wages including overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a workday and/or more than forty (40) hours in a workweek;

ii. Whether Defendants also violated Labor Codes §§ 200, 1194, and 1197 for failing to pay minimum wages for time spent under the Defendants' control;

iii. Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30-minute meal periods to Non-Exempt Employees on days in which they worked more than 5 hours and failing to compensate said employees one hour's wages in lieu of meal periods;

iv. Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Orders by failing to provide statutorily compliant 30-minute meal periods to Non-Exempt Employees on days in which they worked more than 10 hours and failing to compensate said employees one hour's wages in lieu of meal periods;

v. Whether Defendants violated Labor Code § 226.7 and applicable IWC Wage Orders by failing to authorize and permit minimum 10-minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

vi. Whether Defendants violated Labor Code § 226 and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

vii. Whether Defendant violated Labor Code §§ 201-203 by failing to pay all earned wages and/or premium wages due and owing at the time that any Class Members' employment with Defendant terminated;

viii. Whether Defendant violated Labor Code § 2802 and applicable IWC Wage Orders for failing to indemnify employees for the expenditures incurred in the performances of their job duties;

ix. Whether Defendant violated section 210 of the Labor Code by failing to pay all earned wages and/or premium wages due and owing when such wages were due and payable;

x. Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code sections §§ 201, 202, 203, 204, 221, 225, 226, 226.7, 510, 512, 1194, 1199, 2802, and applicable IWC Wage Orders, violation of which constitutes a violation of fundamental public policy;

**C. Typicality**

30.     The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

31.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

32.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

33.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**VI.**
**CAUSES OF ACTION**

**First Cause of Action**
Failure to Pay Lawful Wages Including Overtime and Minimum Wage
(Lab. Code §§ 1194, 1199)
(Against All Defendants)

34.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

35.     During the liability period, Defendants' policies and/or practices resulted in Plaintiff and Non-Exempt Employees working off the clock and in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

36.     During the liability period, Defendants' policies and/or practices resulted in Plaintiff and Non-Exempt Employees not receiving minimum wages for time spent working off the clock while subject to the control of Defendant all without pay. Labor Code § 1197 provides that employees are to be paid minimum wage for each hour worked.

37.     As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of compensation for all earned wages including minimum wage and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194 .

38.     WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§ 226.7, 512, IWC Wage Orders)
(Against All Defendants)

39.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

- 10 -

CLASS COMPLAINT

40.    By failing to provide 30-minute uninterrupted meal periods for days on which Non-Exempt employees work(ed) work periods more than 5 hours and failing to provide compensation for such statutorily non-compliant meal periods, Defendant violated the provisions of Labor Code § 512 and applicable IWC Wage Orders.

41.    By failing to provide a second 30-minute uninterrupted meal period for days on which Non-Exempt employees work(ed) work periods more than 10 hours and failing to provide compensation for such statutorily non-compliant meal periods, Defendant violated the provisions of Labor Code § 512 and applicable IWC Wage Orders.

42.    By failing to record and maintain adequate and accurate time records according to sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff and Class Members.

43.    As a result of the unlawful acts of Defendants, Plaintiff, and the Class she seeks to represent, have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code § 226.7.

44.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§ 226.7, IWC Wage Orders)
(Against All Defendants)

45.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

46.    By failing to provide a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non-Exempt Employees, and failing to provide compensation for such non-compliant rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code § 226.7 and IWC applicable Wage Orders.

- 11 -
CLASS COMPLAINT

47.     As a result of the unlawful acts of Defendants, Plaintiff, and the Class she seeks to represent, have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code § 226.7.

48.     WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Fourth Cause of Action**
Failure to Timely Pay Wages During Employment
(Lab. Code § 204)
(Against All Defendants)

49.     Labor Code § 204 requires that all wages are due and payable twice in each calendar month. The wages required by Labor Code §§ 226.7, 510, 1194, 1197 and other sections became due and payable to Plaintiff and Class Members in each month that he or she was not paid all lawful wages owed or provided with lawful meal period or rest period to which he or she was entitled. Defendants violated Lab. Code § 204 by failing to pay said wages when they were due and payable.

50.     Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

51.     As a result of the unlawful acts of Defendants alleged herein, Plaintiff and the Class she seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties.

52.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Fifth Cause of Action**
Failure to Timely Pay Wages Due at Termination
(Lab. Code §§ 201-203)
(Against All Defendants)

53.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

54.   Sections 201 and 202 of the California Labor Code require Defendant to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

55.   As alleged herein, affected class members are entitled to compensation for all forms of wages earned, including, overtime compensation, minimum wage, correct sick pay wages and compensation for non-provided rest and meal periods but to date have not received such compensation therefore entitling them Labor Code section 203 penalties.

56.   More than 30 days have passed since Plaintiff and affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203. As a consequence of Defendant's willful conduct in not paying all earned wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

57.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Sixth Cause of Action**
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226(b))
(Against All Defendants)

- 13 -
CLASS COMPLAINT

58. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein

59. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code § 226.

60. Plaintiff and Class Members have been injured by Defendants' actions by rendering them unaware of the full compensation to which they were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders.

61. Pursuant Labor Code § 226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violation.

62. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Seventh Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
(Against All Defendants)

63. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

64. Business & Professions Code Section 17200 provides:
As used in this chapter, unfair competition shall mean and include any ***unlawful, unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

- 14 -

CLASS COMPLAINT

65.     Defendant's violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

66.     The actions of Defendant, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

67.     Plaintiff and Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein.

68.     As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

69.     WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

## VII.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages in an amount according to proof with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For premium wages pursuant to Labor Code §§ 226.7 and 512;

5. For premium pay and penalties pursuant to Labor Code § 203;

6. For attorneys' fees, interests and costs of suit under Labor Code §§ 226, 1194;

7. For such other and further relief as the Court deems just and proper.


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

CLASS COMPLAINT

1
2   **Dated: July 19, 2022**                          **JAMES HAWKINS, APLC**
3
4                                                      _Isandra Fernandez_
5                                                      James R. Hawkins
                                                       Isandra Y. Fernandez, Esq.
6                                                      Kacey E. Cook, Esq.
                                                       Attorneys for Plaintiff
7                                                      Jane Underwood
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS APLC  James R  Hawkins, Esq  SBN 192925,<br>Isandra Fernandez, Esq  SBN 220482, Kacey E  Cook, Esq  SBN 337905<br>9880 Research Drive Suite 200 Irvine, CA 92618 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |

TELEPHONE NO  (949) 387-7200   FAX NO. *(Optional)*  (949) 387-6676

ATTORNEY FOR *(Name)*  Jane Underwood

07/19/2022 at 11:52:41 AM

Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO

STREET ADDRESS  330 W  Broadway

MAILING ADDRESS

CITY AND ZIP CODE  San Diego, 92101

BRANCH NAME  Hall Of Justice

CASE NAME
Underwood v Sharp Chula Vista Medical Center

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joiner<br>Filed with first appearance by defendant<br>(Cal Rules of Court, rule 3 402) | | 37-2022-00028436-CU-OE-CTL |
| | | | JUDGE | Judge Eddie C Sturgeon |
| | | | DEPT | |

*Items 1–6 below must be completed (see instructions on page 2)*

1   Check **one** box below for the case type that best describes this case

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3 740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re  arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2   This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a  [ ]  Large number of separately represented parties
- b  [x]  Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c  [x]  Substantial amount of documentary evidence
- d  [x]  Large number of witnesses
- e  [ ]  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f  [ ]  Substantial postjudgment judicial supervision

3.   Remedies sought *(check all that apply)* a  [x] monetary  b  [x] nonmonetary, declaratory or injunctive relief  c.  [ ] punitive

4   Number of causes of action *(specify)* 8

5   This case [x] is  [ ] is not   a class action suit

6.   If there are any known related cases, file and serve a notice of related case  *(You may use form CM-015 )*

Date  July 19, 2022

Kacey E  Cook, Esq
_____
(TYPE OR PRINT NAME)

▶  _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code)  (Cal Rules of Court, rule 3 220 )  Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule
- If this case is complex under rule 3 400 et seq  of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding
- Unless this is a collections case under rule 3 740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1 2007]

**CIVIL CASE COVER SHEET**

Cal  Rules of Court, rules 2 30  3.220  3.400–3.403, 3.740
Cal  Standards of Judicial Administration  std  3 10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below  A cover sheet must be filed only with your initial paper  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2 30 and 3 220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3 740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit  A collections case does not include an action seeking the following  (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3 740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading  A rule 3 740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3 740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex  If a plaintiff believes the case is complex under rule 3 400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e g , slip
and fall)
Intentional Bodily Injury/PD/WD
(e g , assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e g , discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e g , slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e g , money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e g , quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (33) *(if the case involves illegal
drugs, check this item, otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re  Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT 2

| Attorney or Party without Attorney:<br>James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>  Telephone No: (949) 387-7200 | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/15/2022** at 05:08:00 PM<br>Clerk of the Superior Court<br>By Shameka Simpson,Deputy Clerk |
|---|---|
|   Attorney For:  Plaintiff     *Ref. No. or File No.:*<br>SHARP HEALTHCARE | |

| *Insert name of Court, and Judicial District and Branch Court:*<br>San Diego Superior Court |
|---|
| *Plaintiff:*  JANE UNDERWOOD on behalf of herself and all others similarly situated<br>*Defendant:*  SHARP CHULA VISTA MEDICAL CENTER, a California corporation |

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2022-00028436-CU-OE-CTL |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Civil Case Management Conference; Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3.  *a.  Party served:*     SHARP CHULA VISTA MEDICAL CENTER, a California corporation
    *b.  Person served:*    Rick Grossman, Agent for Service of Process

4.  *Address where the party was served:*    8695 Spectrum Center Blvd, San Diego, CA 92123

5.  *I served the party:*
    b. **by substituted service.**   On: Mon, Aug 15 2022 at: 02:20 PM I left the documents listed in item 2 with or in the presence of: Jenna Haynes, Legal Department .

    (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
    (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
    (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
    (4)  [X]  **(Declaration of Mailing)** is attached.
    (5)  [ ]  **(Declaration of Diligence)** attached stating actions taken first to attempt personal service.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]     as an individual defendant.
    b.  [ ]     as the person sued under the fictitious name of *(specify)*:
    c.  [ ]     as occupant.
    d.  [X]     On behalf of *(specify)*:   SHARP CHULA VISTA MEDICAL CENTER, a California corporation
              under the following Code of Civil Procedure section:

| | |
|---|---|
| [X]  416.10 (corporation) | [ ]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |
| [ ]  other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE
SUMMONS**

*7511064*
*(11815520)*
Page 1 of 2

| Attorney or Party without Attorney:<br>James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>　Telephone No:　(949) 387-7200<br><br>　Attorney For:　Plaintiff | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.:<br>SHARP HEALTHCARE | |
| Insert name of Court, and Judicial District and Branch Court:<br>San Diego Superior Court | | |
| Plaintiff:　JANE UNDERWOOD on behalf of herself and all others similarly situated<br>Defendant:　SHARP CHULA VISTA MEDICAL CENTER, a California corporation | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2022-00028436-CU-OE-CTL |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.　**Person who served papers**
　　a.　Name:　　　　　　　　　Steven Parramore
　　b.　Address:　　　　　　　　**FIRST LEGAL**
　　　　　　　　　　　　　　　　600 W. Santa Ana Blvd., Ste. 101
　　　　　　　　　　　　　　　　SANTA ANA, CA 92701
　　c.　Telephone number:　　　(714) 541-1110
　　d.　**The fee** for service was:　$170.29
　　e.　I am:
　　　　(1)　☐　not a registered California process server.
　　　　(2)　☐　exempt from registration under Business and Professions Code section 22350(b).
　　　　(3)　☒　a registered California process server:
　　　　　　(i)　☐ owner　☐ employee　☒ independent contractor
　　　　　　(ii)　Registration No:　1868
　　　　　　(iii)　County:　San Diego

8.　*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

　　　　　　　　　　　　　　　　　　　　08/15/2022　　　　　　　　*Steven Parramore*
　　　　　　　　　　　　　　　　　　　　_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　　*(Date)*　　　　　　　　　Steven Parramore

Judicial Council Form POS-010　　　　　**PROOF OF SERVICE**　　　　　*7511064*
Rule 2.150.(a)&(b) Rev January 1, 2007　　　**SUMMONS**　　　　　*(11815520)*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 2

| Attorney or Party without Attorney:<br>James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>  Telephone No:  (949) 387-7200<br><br>  Attorney For:  Plaintiff | *For Court Use Only* |
|---|---|

| Ref. No. or File No.:<br>SHARP HEALTHCARE |
|---|

| Insert name of Court, and Judicial District and Branch Court:<br>San Diego Superior Court |
|---|

| Plaintiff:  JANE UNDERWOOD on behalf of herself and all others similarly situated<br>Defendant:  SHARP CHULA VISTA MEDICAL CENTER, a California corporation |
|---|

| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2022-00028436-CU-OE-CTL |
|---|---|---|---|---|

1. *I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Civil Case Management Conference; Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR)

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
   a. Date of Mailing: Mon, Aug 15, 2022
   b. Place of Mailing: SANTA ANA, CA 92701
   c. Addressed as follows: SHARP CHULA VISTA MEDICAL CENTER, a California corporation
                   8695 Spectrum Center Blvd, San Diego, CA 92123

4. *I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Mon, Aug 15, 2022 in the ordinary course of business.*

                                    Recoverable cost Per CCP 1033.5(a)(4)(B)

5. *Person Serving:*
   a. DAVID LEDESMA (2891, Orange County)
   **b. FIRST LEGAL**
     600 W. Santa Ana Boulevard, Suite 101
     SANTA ANA, CA 92701
   c. (714) 541-1110

   **d.** *The Fee* for Service was: $170.29
   e. I am: Not a Registered California Process Server

6. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

08/15/2022

*(Date)*

*David Ledesma*



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**BY MAIL**

7511064
(11815520)

EXHIBIT 3

1   Jody A. Landry, Bar No. 125743
    jlandry@littler.com
2   Krystal N. Weaver, Bar No. 286930
    kweaver@littler.com
3   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
4   San Diego, California  92101.3577
    Telephone:    619.232.0441
5   Fax No.:        619.232.4302

6   Attorneys for Defendant
    SHARP CHULA VISTA MEDICAL CENTER

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SAN DIEGO

10

11  JANE UNDERWOOD on behalf of herself and      Case No.  37-2022-00028436-CU-OE-CTL
    all others similarly situated,
12                                               ASSIGNED FOR ALL PURPOSES TO
                    Plaintiff,                   JUDGE EDDIE C. STURGEON
13                                               Dept. C-67
              v.
14                                               **ANSWER TO COMPLAINT**
    SHARP CHULA VISTA MEDICAL CENTER,
15  a California corporation; and DOES 1 through
    50, inclusive,
16                                               Trial Date: Not Set
                    Defendants.                  Complaint Filed:  07/19/2022
17

18          Defendant Sharp Chula Vista Medical Center ("Defendant"), by and through its attorneys,

19  Littler Mendelson, P.C., answers the unverified Class Action Complaint ("Complaint") of Plaintiff

20  Jane Underwood ("Plaintiff") as follows:

21                               **GENERAL DENIAL**

22          Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant

23  denies generally and specifically, conjunctively and disjunctively, each and every allegation of the

24  Complaint, and denies Plaintiff has sustained, or will sustain any loss or damage in the manner or

25  amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof

26  on the part of Defendant.  Without conceding that it has the burden of proof or persuasion, Defendant

27  asserts the following separate and distinct affirmative defenses to the Complaint and each and every

28  alleged cause of action stated therein.

4864-3276-2927.1 / 051375-1096

# I.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is substantially dependent on analysis of a Collective Bargaining Agreement (CBA) that governs the employment of Plaintiff or any putative class members covered by the CBA and is therefore preempted, including by section 301(a) of the Labor Management Relations Act, 29 U.S.C. section 185(a).

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members have failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claim to recover waiting time penalties on behalf of herself and/or the putative class is barred because there exists a bona fide dispute as to the existence and/or extent of Defendant's obligations to Plaintiff and/or the alleged putative class/under any applicable Labor Code provisions.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure section 337, 338, 339, 340, 343, and California Business

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

1    and Professions Code section 16750.1 and 17208.

2                      SEVENTH AFFIRMATIVE DEFENSE

3            As a separate and distinct affirmative defense, Defendant alleges that all or portions of the

4    claims set forth in the Complaint are barred by the doctrines of estoppel, laches, or unclean hands to

5    the extent that discovery reveals that Plaintiff and/or putative class falsely reported their hours and/or

6    failed to comply with Defendant's policies relevant to the claims made in the Complaint.

7                      EIGHTH AFFIRMATIVE DEFENSE

8            As a separate and distinct affirmative defense, Defendant alleges that each purported cause of

9    action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced,

10   pursuant to the doctrine of avoidable consequences.

11                     NINTH AFFIRMATIVE DEFENSE

12           As a separate and distinct affirmative defense, Defendant alleges with respect to the first,

13   second, and third causes of action, that assuming, *arguendo*, that Plaintiff and the putative class

14   members are entitled to additional compensation, Defendant has not willfully or intentionally failed

15   to pay any such additional compensation to Plaintiff and the putative class members, to justify any

16   awards of penalties or fees.

17                     TENTH AFFIRMATIVE DEFENSE

18           As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from

19   obtaining relief pursuant to her eighth cause of action for violation of California Business and

20   Professions Code section 17200, *et seq.* because California law and the due process requirements of

21   the United States Constitution do not permit representative actions where liability can only be

22   determined through fact-intensive individualized assessments of alleged wage and hour violations.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4864-3276-2927.1 / 051375-1096

ELEVENTH AFFIRMATIVE DEFENSE

If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of any certified class.

TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of all of the claims of the putative class through generalized classwide proof violates Defendant's rights to trial by jury guaranteed by the United States and California Constitutions.

THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, to the extent that Plaintiff claims penalties under the fifth, sixth and seventh causes of action for penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action in the Complaint, or some of them, are barred because the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution, declaratory relief, and injunctive relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200 (eighth cause of action), *et seq*. that have discontinued, ceased, and are not likely to recur.

SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief as alleged in the first cause of action insofar as they have adequate remedies at law.

SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense with respect to the second, third and eighth causes of action, Defendant alleges that assuming *arguendo* that Plaintiff and/or the putative class

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

members did not take required rest breaks or meal breaks, Plaintiff and/or the putative class members are not entitled to a premium predicated on alleged violations of Labor Code section 226.7 and/or the applicable Wage Order of the Industrial Welfare Commission because they (1) voluntarily failed to take or waive rest breaks or meal breaks that were provided or authorized and permitted in compliance with California law and/or (2) Defendant did not engage in any act or omission to prevent or prohibit Plaintiff and the putative class members from taking rest breaks or meal breaks that were provided or authorized and permitted in accordance with applicable law and Company policy; and/or (3) because Defendant paid premiums or made them available in the event a rest break was not authorized or permitted and paid meal break premiums for facially non-compliant meal periods even though the meal periods were provided on a timely basis and it was an employee's choice to start a meal period late or take a short meal period; and/or (4) could have been avoided had Plaintiff and the alleged aggrieved employees followed Defendant's policy and/or available procedures to raise concerns or recover premiums; and/or; (5) because the claim is preempted under federal law as Plaintiff and any other putative class members covered by the CBA had an affirmative obligation to notify management if they anticipated issues with taking a meal period or rest break and failed to do so thereby barring the claim.

EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which prejudgment interest may be awarded, as the damages claims are not sufficiently certain to allow an award of prejudgment interest.

NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, or some of them, are barred because Plaintiff and the putative class members that she seeks to represent did not incur any damages or losses, and any award of such alleged damages and/or losses would unjustly enrich them.

TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense with respect to the fifth, sixth and seventh causes of action as well as any claim for waiting time penalties, Defendant alleges that Plaintiff's Complaint

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

4864-3276-2927.1 / 051375-1096

5

is barred, in whole or in part, because an award of penalties would result in the imposition of excessive fines in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 7 and 8 of the California Constitution, including the prohibition against excessive fines and punishment. *See Timbs v. Indiana*, 138 S.Ct. 682, 689 (U.S. Feb. 20, 2019) (Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing "excessive fines" as punishment); *United States v. Mackby*, 261 F.3d 821, 830 (9th Cir. 2001) (civil sanctions represent a payment to the government, at least in part, as punishment.); *City & Cty. of San Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321 (2000) (applying the prohibition of excessive fines to penalties imposed under California's Building Code: "The law is settled that a civil penalty such as the one here, by virtue of its partially punitive purpose, is a fine for purposes of the constitutional protection.")

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims and/or the claims of some of the alleged putative class are barred to the extent that there is a valid and enforceable arbitration agreement(s).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred in whole or in part, because Plaintiff failed to properly exhaust all of the applicable administrative, arbitral and/or contractual procedures and/or remedies prior to filing this action, including but not limited to grievance and/or arbitration procedures provided by the applicable collective bargaining agreement governing her employment, or otherwise properly perfect a right of action against Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separatee and distinct affirmative defense, Labor Code sections 510, 511 and 512 do not apply to Plaintiff and the putative class members who are covered by a CBA based on the provisions of Labor Code sections 514 and 516 (incorporating section 11(d) of Wage Order 5).

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4864-3276-2927.1 / 051375-1096

6

ANSWER TO COMPLAINT

TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, to the extent Plaintiff and the putative class definition seeks to recover meal period premiums or penalties for non-exempt employees who are covered by the health care employee meal period waiver provisions the claim is barred by Labor Code section 516 (incorporating section 11(d) of Wage Order 5) or said claims are governed by that provision and can be waived, or they were otherwise waivable under Wage Order 5 or the Labor Code.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, even assuming *arguendo* that Plaintiff and/or the putative class was not provided with a proper itemized statement of wages and deductions, as alleged in the seventh cause of action, Plaintiff and the putative class are not entitled to recover damages or penalties because Defendant's alleged failure was not knowing and intentional nor was it willful.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission, making the imposition of penalties unjust.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of accord and satisfaction, to the extent that Plaintiff and/or the putative class she seeks to represent have received, or will receive, compensation for any outstanding wages, penalties, and/or damages purportedly due.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, even assuming *arguendo* that Plaintiff or the alleged putative class are entitled to additional compensation as alleged, Defendant

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
619.232.0441

4864-3276-2927.1 / 051375-1096

7

ANSWER TO COMPLAINT

1   has not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify

2   any awards of penalties or fees.

3                           TWENTY-NINTH AFFIRMATIVE DEFENSE

4           As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint is

5   barred, in whole or in part, because Plaintiff, the putative class she seeks to represent failed to exhaust

6   internal remedies as required by and/or made available by Defendant and/or and through an applicable

7   CBA. Plaintiff, the putative class could have avoided the alleged injuries and/or penalties by utilizing

8   said procedures.

9                           THIRTIETH AFFIRMATIVE DEFENSE

10          As a separate and distinct affirmative defense, Defendant alleges that any claim for waiting

11  time penalties in the fourth cause of action pursuant to Labor Code § 203 is barred, in whole or in part,

12  because any failure to pay the alleged unpaid wages was not knowing, intentional or willful.

13                          THIRTY-FIRST AFFIRMATIVE DEFENSE

14          As a separate and distinct affirmative defense to the fourth cause of action, Defendant alleges

15  that Plaintiff is barred from seeking any penalties pursuant to Labor Code § 203, on behalf of herself

16  or others, for any violation occurring after the filing of the initial Complaint.

17                          ADDITIONAL AFFIRMATIVE DEFENSES

18          As a separate and distinct affirmative defense, Defendant states that it does not presently know

19  all facts concerning the conduct of Plaintiff and her claims sufficient to state all affirmative defenses

20  at this time.  Defendant will seek leave of this Court to amend this Answer should it later discover

21  facts demonstrating the existence of additional affirmative defenses.

22                                      **II.**
                                **PRAYER FOR RELIEF**
23

24          WHEREFORE, Defendant prays for judgment from this Court as follows:

25          1.      Plaintiff take nothing by this action;

26          2.      That the Complaint be dismissed with prejudice and that judgment be entered

27  against Plaintiffs and in favor of Defendant on each cause of action;

28          3.      That Defendant be awarded attorneys' fees and costs of suit herein to the extent

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4864-3276-2927.1 / 051375-1096

8

permitted under applicable law; and

4.      Such other and further relief as the Court deems appropriate and proper.

Dated: September 6, 2022

LITTLER MENDELSON, P.C.

Jody A. Landry
Krystal N. Weaver

Attorneys for Defendant
SHARP CHULA VISTA MEDICAL CENTER

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4864-3276-2927.1 / 051375-1096

9

ANSWER TO COMPLAINT

Jody A. Landry, Bar No. 125743
jlandry@littler.com
Krystal N. Weaver, Bar No. 286930
kweaver@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone:    619.232.0441
Fax No.:    619.232.4302

Attorneys for Defendant
SHARP CHULA VISTA MEDICAL CENTER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JANE UNDERWOOD on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHARP CHULA VISTA MEDICAL CENTER, a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  37-2022-00028436-CU-OE-CTL<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE EDDIE C. STURGEON<br>Dept.  C-67<br><br>**PROOF OF SERVICE**<br><br>Trial Date: Not Set<br>Complaint Filed:   07/19/2022 |

I, Pamela Gomez, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action.   My business address is 501 West Broadway, Suite 900, San Diego, California 92101.

On September 6, 2022, I served the following document(s):

**ANSWER TO COMPLAINT**

on the parties in this action addressed as follows:

4893-4123-1665.1 / 051375-1096

1    James R. Hawkins, Esq.         Attorneys for Plaintiff

     Isandra Fernandez, Esq.        JANE UNDERWOOD

2    Kacey E. Cook, Esq.

3    JAMES HAWKINS APLC

     9880 Research Drive, Suite 200

4    Irvine, CA  92618

     Telephone:     (949) 387-7200

5    Facsimile:      (949) 387-6676

     Email:james@jameshawkinsaplc.com

6    Email: Kacey@jameshawkinsaplc.com

7

8

9

10

11

12   **BY E-MAIL:** the above document(s) were served in PDF format to the email address(es) set forth above.

13           I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct and that this declaration was executed on September 6, 2022 at San Diego, California.

15

16

17                          _____

18                          Pamela Gomez

19

20

21

22

23

24

25

26

27

28

4893-4123-1665.1 / 051375-1096

2

PROOF OF SERVICE