Jody A. Landry, Bar No. 125743
jlandry@littler.com
Krystal N. Weaver, Bar No. 286930
kweaver@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
SHARP CHULA VISTA MEDICAL CENTER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JANE UNDERWOOD on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHARP CHULA VISTA MEDICAL CENTER, a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2022-00028436-CU-OE-CTL<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE EDDIE C. STURGEON<br>Dept. C-67<br><br>**ANSWER TO COMPLAINT**<br><br>Trial Date: Not Set<br>Complaint Filed: 07/19/2022 |

Defendant Sharp Chula Vista Medical Center ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., answers the unverified Class Action Complaint ("Complaint") of Plaintiff Jane Underwood ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint, and denies Plaintiff has sustained, or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant. Without conceding that it has the burden of proof or persuasion, Defendant asserts the following separate and distinct affirmative defenses to the Complaint and each and every alleged cause of action stated therein.

**I.**
**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is substantially dependent on analysis of a Collective Bargaining Agreement (CBA) that governs the employment of Plaintiff or any putative class members covered by the CBA and is therefore preempted, including by section 301(a) of the Labor Management Relations Act, 29 U.S.C. section 185(a).

THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members have failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity.

FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claim to recover waiting time penalties on behalf of herself and/or the putative class is barred because there exists a bona fide dispute as to the existence and/or extent of Defendant's obligations to Plaintiff and/or the alleged putative class/under any applicable Labor Code provisions.

SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure section 337, 338, 339, 340, 343, and California Business

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

and Professions Code section 16750.1 and 17208.

SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the doctrines of estoppel, laches, or unclean hands to the extent that discovery reveals that Plaintiff and/or putative class falsely reported their hours and/or failed to comply with Defendant's policies relevant to the claims made in the Complaint.

EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges with respect to the first, second, and third causes of action, that assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members, to justify any awards of penalties or fees.

TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from obtaining relief pursuant to her eighth cause of action for violation of California Business and Professions Code section 17200, *et seq.* because California law and the due process requirements of the United States Constitution do not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

ELEVENTH AFFIRMATIVE DEFENSE

If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of any certified class.

TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of all of the claims of the putative class through generalized classwide proof violates Defendant's rights to trial by jury guaranteed by the United States and California Constitutions.

THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, to the extent that Plaintiff claims penalties under the fifth, sixth and seventh causes of action for penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action in the Complaint, or some of them, are barred because the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution, declaratory relief, and injunctive relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200 (eighth cause of action), *et seq*. that have discontinued, ceased, and are not likely to recur.

SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief as alleged in the first cause of action insofar as they have adequate remedies at law.

SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense with respect to the second, third and eighth causes of action, Defendant alleges that assuming *arguendo* that Plaintiff and/or the putative class

members did not take required rest breaks or meal breaks, Plaintiff and/or the putative class members are not entitled to a premium predicated on alleged violations of Labor Code section 226.7 and/or the applicable Wage Order of the Industrial Welfare Commission because they (1) voluntarily failed to take or waive rest breaks or meal breaks that were provided or authorized and permitted in compliance with California law and/or (2) Defendant did not engage in any act or omission to prevent or prohibit Plaintiff and the putative class members from taking rest breaks or meal breaks that were provided or authorized and permitted in accordance with applicable law and Company policy; and/or (3) because Defendant paid premiums or made them available in the event a rest break was not authorized or permitted and paid meal break premiums for facially non-compliant meal periods even though the meal periods were provided on a timely basis and it was an employee's choice to start a meal period late or take a short meal period; and/or (4) could have been avoided had Plaintiff and the alleged aggrieved employees followed Defendant's policy and/or available procedures to raise concerns or recover premiums; and/or; (5) because the claim is preempted under federal law as Plaintiff and any other putative class members covered by the CBA had an affirmative obligation to notify management if they anticipated issues with taking a meal period or rest break and failed to do so thereby barring the claim.

EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which prejudgment interest may be awarded, as the damages claims are not sufficiently certain to allow an award of prejudgment interest.

NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, or some of them, are barred because Plaintiff and the putative class members that she seeks to represent did not incur any damages or losses, and any award of such alleged damages and/or losses would unjustly enrich them.

TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense with respect to the fifth, sixth and seventh causes of action as well as any claim for waiting time penalties, Defendant alleges that Plaintiff's Complaint

is barred, in whole or in part, because an award of penalties would result in the imposition of excessive fines in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 7 and 8 of the California Constitution, including the prohibition against excessive fines and punishment. *See Timbs v. Indiana*, 138 S.Ct. 682, 689 (U.S. Feb. 20, 2019) (Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing "excessive fines" as punishment); *United States v. Mackby*, 261 F.3d 821, 830 (9th Cir. 2001) (civil sanctions represent a payment to the government, at least in part, as punishment.); *City & Cty. of San Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321 (2000) (applying the prohibition of excessive fines to penalties imposed under California's Building Code: "The law is settled that a civil penalty such as the one here, by virtue of its partially punitive purpose, is a fine for purposes of the constitutional protection.")

TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims and/or the claims of some of the alleged putative class are barred to the extent that there is a valid and enforceable arbitration agreement(s).

TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred in whole or in part, because Plaintiff failed to properly exhaust all of the applicable administrative, arbitral and/or contractual procedures and/or remedies prior to filing this action, including but not limited to grievance and/or arbitration procedures provided by the applicable collective bargaining agreement governing her employment, or otherwise properly perfect a right of action against Defendant.

TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separatee and distinct affirmative defense, Labor Code sections 510, 511 and 512 do not apply to Plaintiff and the putative class members who are covered by a CBA based on the provisions of Labor Code sections 514 and 516 (incorporating section 11(d) of Wage Order 5).

/ / /

/ / /

/ / /

TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, to the extent Plaintiff and the putative class definition seeks to recover meal period premiums or penalties for non-exempt employees who are covered by the health care employee meal period waiver provisions the claim is barred by Labor Code section 516 (incorporating section 11(d) of Wage Order 5) or said claims are governed by that provision and can be waived, or they were otherwise waivable under Wage Order 5 or the Labor Code.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, even assuming *arguendo* that Plaintiff and/or the putative class was not provided with a proper itemized statement of wages and deductions, as alleged in the seventh cause of action, Plaintiff and the putative class are not entitled to recover damages or penalties because Defendant's alleged failure was not knowing and intentional nor was it willful.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission, making the imposition of penalties unjust.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of accord and satisfaction, to the extent that Plaintiff and/or the putative class she seeks to represent have received, or will receive, compensation for any outstanding wages, penalties, and/or damages purportedly due.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, even assuming *arguendo* that Plaintiff or the alleged putative class are entitled to additional compensation as alleged, Defendant

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

has not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify any awards of penalties or fees.

TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint is barred, in whole or in part, because Plaintiff, the putative class she seeks to represent failed to exhaust internal remedies as required by and/or made available by Defendant and/or and through an applicable CBA. Plaintiff, the putative class could have avoided the alleged injuries and/or penalties by utilizing said procedures.

THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any claim for waiting time penalties in the fourth cause of action pursuant to Labor Code § 203 is barred, in whole or in part, because any failure to pay the alleged unpaid wages was not knowing, intentional or willful.

THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the fourth cause of action, Defendant alleges that Plaintiff is barred from seeking any penalties pursuant to Labor Code § 203, on behalf of herself or others, for any violation occurring after the filing of the initial Complaint.

ADDITIONAL AFFIRMATIVE DEFENSES

As a separate and distinct affirmative defense, Defendant states that it does not presently know all facts concerning the conduct of Plaintiff and her claims sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## II.
## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment from this Court as follows:

1. Plaintiff take nothing by this action;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiffs and in favor of Defendant on each cause of action;

3. That Defendant be awarded attorneys' fees and costs of suit herein to the extent

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

permitted under applicable law; and

4. Such other and further relief as the Court deems appropriate and proper.

Dated: September 6, 2022

LITTLER MENDELSON, P.C.

Jody A. Landry
Krystal N. Weaver

Attorneys for Defendant
SHARP CHULA VISTA MEDICAL CENTER

Jody A. Landry, Bar No. 125743
jlandry@littler.com
Krystal N. Weaver, Bar No. 286930
kweaver@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
SHARP CHULA VISTA MEDICAL CENTER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

JANE UNDERWOOD on behalf of herself and all others similarly situated,

Plaintiff,

v.

SHARP CHULA VISTA MEDICAL CENTER, a California corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 37-2022-00028436-CU-OE-CTL

ASSIGNED FOR ALL PURPOSES TO JUDGE EDDIE C. STURGEON
Dept. C-67

**PROOF OF SERVICE**

Trial Date: Not Set
Complaint Filed: 07/19/2022

I, Pamela Gomez, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 501 West Broadway, Suite 900, San Diego, California 92101.

On September 6, 2022, I served the following document(s):

**ANSWER TO COMPLAINT**

on the parties in this action addressed as follows:

James R. Hawkins, Esq.
Isandra Fernandez, Esq.
Kacey E. Cook, Esq.
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
Email:james@jameshawkinsaplc.com
Email: Kacey@jameshawkinsaplc.com

Attorneys for Plaintiff
JANE UNDERWOOD

**BY E-MAIL:** the above document(s) were served in PDF format to the email address(es) set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 6, 2022 at San Diego, California.

Pamela Gomez

Pamela Gomez